[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11654

_____

D. C. Docket No. 06-00062-CR-CG

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2009
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE EDUARDO LOPEZ,
a.k.a. Lielo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 25, 2009)
**(As Amended 4/8/09)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BARKETT, PRYOR and FARRIS,* Circuit Judges.

_____

*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

PRYOR, Circuit Judge:

This appeal is on remand from the Supreme Court of the United States for us to reconsider whether the deadline for a defendant to file a notice of appeal in a criminal case under Federal Rule of Appellate Procedure 4(b) is jurisdictional. Jose Eduardo Lopez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. 21 U.S.C. § 846. After the district court granted Lopez's construed motion for an extension of time in which to file a notice of appeal, this Court sua sponte dismissed Lopez's appeal for lack of jurisdiction because Lopez's notice of appeal was untimely under Rule 4(b). The Supreme Court vacated that order and remanded for further consideration in the light of Bowles v. Russell, 551 U.S. __, 127 S. Ct. 2360 (2007). Lopez v. United States, 128 S. Ct. 806 (2007). After reconsideration, review of the record, supplemental briefs, and oral arguments, we agree with Lopez and the United States that the time limits for a criminal defendant under Rule 4(b) are not jurisdictional because they are not based on a federal statute. Although the deadline in Rule 4(b) for Lopez's appeal is not jurisdictional, we grant the request of the United States to dismiss Lopez's appeal as untimely.

## I. BACKGROUND

Lopez pleaded guilty to conspiracy to possess with intent to distribute

2

methamphetamine.  21 U.S.C. § 846.  The district court sentenced Lopez at the low end of the guidelines range to a term of 235 months of imprisonment, followed by five years of supervised release.  Final judgment was entered on February 6, 2007.

The ten-day period for filing a notice of appeal expired on February 21, 2007.  Fed. R. App. P. (4)(b)(1)(A).  The 30-day period for extending the time to file a notice of appeal expired on March 23, 2007.  Fed. R. App. P. 4(b)(4).  On April 9, 2007, the clerk of the district court received and docketed Lopez's pro se "Motion for Appeal," dated March 29, 2007.  The district court construed Lopez's motion as a motion for an extension of time in which to file a notice of appeal and granted that motion on April 30, 2007.

On May 17, 2007, this Court sua sponte dismissed Lopez's appeal for lack of jurisdiction.  Because Lopez was incarcerated at the time of his "Motion for Appeal," this Court deemed that motion filed on March 29, 2007.  Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988).  This Court ruled that Lopez's notice of appeal was untimely and that the district court "was without jurisdiction" to grant Lopez's construed motion to file an out-of-time appeal because Rule 4(b)(4) allowed the district court, upon a finding of excusable neglect or good cause, to extend the time for Lopez to file a notice of appeal by no more than 30 days from the deadline of February 21, 2007.  Fed. R. App. P.

3

4(b)(4); <u>United States v. Ward</u>, 696 F.2d 1315, 1317–18 (11th Cir. 1983). Lopez filed a motion for reconsideration and argued that his notice of appeal should have been construed as a motion to vacate because it asserted claims of ineffective assistance of counsel, 28 U.S.C. § 2255, and that his case should be remanded to the district court. This Court denied Lopez's motion for reconsideration.

The Supreme Court later granted Lopez's petition for a writ of certiorari. <u>Lopez</u>, 128 S. Ct. 806. The Supreme Court vacated our order of dismissal and remanded "for further consideration in light of <u>Bowles v. Russell</u>, 551 U.S. __, 127 S. Ct. 2360, 168 L. Ed.2d 96 (2007)." <u>Id.</u> On remand from the Supreme Court, this Court issued to the parties jurisdictional questions about the time limits in Rule 4(b). Lopez and the United States then responded to the jurisdictional questions.

## II. STANDARDS OF REVIEW

We review <u>de novo</u> the interpretation of rules of federal procedure. <u>Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.</u>, 279 F.3d 1306, 1308 (11th Cir. 2002). We are required to examine our jurisdiction <u>sua sponte</u>, <u>Finn v. Prudential-Bache Sec., Inc.</u>, 821 F.2d 581, 585 (11th Cir. 1987), and we review jurisdictional issues <u>de novo</u>. <u>AT&T Mobility, L.L.C. v. Nat'l Ass'n for Stock Car Auto Racing, Inc.</u>, 494 F.3d 1356, 1360 (11th Cir. 2007).

## III. DISCUSSION

4

Our discussion is divided in two parts. We first address whether, in the light of <u>Bowles</u>, the deadline in Federal Rule of Appellate Procedure 4(b) for a defendant to file a notice of appeal in a criminal case is jurisdictional. We then address Lopez's argument that the United States forfeited its objection to his untimely notice of appeal.

*A. The Time Limits For Criminal Defendants Under Federal Rule of Appellate Procedure 4(b) Are Not Jurisdictional.*

Both Lopez and the United States contend that, in the light of <u>Bowles</u>, the deadline in Federal Rule of Appellate Procedure 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. We agree. Our precedent that the deadline in Rule 4(b) is jurisdictional is no longer good law.

Before <u>Bowles</u>, we held that the timely filing of a notice of appeal by a defendant in a criminal case under Rule 4(b) is a mandatory prerequisite to the exercise of appellate jurisdiction. <u>See</u> <u>United States v. Machado</u>, 465 F.3d 1301, 1305 (11th Cir. 2006). We stated, "Filing a timely notice of appeal is 'mandatory and jurisdictional' and if a defendant fails to do so, a court of appeals is 'without jurisdiction to review the decision on the merits.'" <u>Id.</u> (quoting <u>Budinich v. Becton Dickinson and Co.</u>, 486 U.S. 196, 203, 108 S. Ct. 1717, 1722 (1988)). We remain bound by the rule of our prior precedent "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting

5

en banc." United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008).

The Supreme Court explained in Bowles that filing deadlines or time limits are jurisdictional only when Congress establishes them, because "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." 551 U.S. at __, 127 S. Ct. at 2365. Based on that reasoning, the Court held that the deadline in Rule 4(a) for filing a notice of appeal in a civil case is mandatory and jurisdictional because it is grounded in a federal statute, 28 U.S.C. § 2107. Bowles, 551 U.S. at __, 127 S. Ct. at 2363–66. Bowles is the first decision of the Supreme Court to consider whether the deadlines for filing an appeal under Rule 4 are jurisdictional, but Bowles is the third recent decision of the Court that has distinguished rules of limitation that implement a statutory directive from time limitations in court-adopted rules of procedure. See also Eberhart v. United States, 546 U.S. 12, 15–19, 126 S. Ct. 403, 404–07 (2005) (per curiam) (Federal Rule of Criminal Procedure 33, which imposes a time limit for filing a post-conviction motion for a new trial, is a nonjurisdictional rule for processing claims and an objection of untimeliness may be forfeited); Kontrick v. Ryan, 540 U.S. 443, 452–56, 124 S. Ct. 906, 914–16 (2004) (because the deadline in Federal Rule of Bankruptcy Procedure 4004 for objecting to a discharge of debt is not grounded in a federal statute, its deadline is a nonjurisdictional rule for

6

processing claims and an objection of untimeliness may be forfeited). The Supreme Court has made clear that only rules of limitation that implement a statutory directive may be mandatory and jurisdictional. Bowles, 551 U.S. at __, 127 S. Ct. at 2363–65. Time limitations in court-adopted rules of procedure are not jurisdictional; those deadlines provide rules for processing claims that "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them." Eberhart, 546 U.S. at 19, 126 S. Ct. at 407. In Bowles, the Supreme Court distinguished, for example, its deadline of 90 days for filing a petition for a writ of certiorari in a civil case, S. Ct. R. 13.1, which is grounded in a statute, 28 U.S.C. § 2101(c), and is, therefore, jurisdictional, from its deadline of 90 days for filing the same kind of petition, under the same rule, in a criminal case, which is not grounded in a statute and is, therefore, not jurisdictional. 551 U.S. at __, 127 S. Ct. at 2365.

Although "[w]e acknowledge the strength of the prior panel precedent rule in this circuit[,]" the decision in Bowles "is clearly on point and has undermined [our precedent] to the point of abrogation." Archer, 531 F.3d at 1352. In Archer, we held that a recent decision of the Supreme Court, Begay v. United States, __ U.S. __, 128 S. Ct. 1581 (2008), established "a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence[.]'" 531 F.3d at 1352.

That new standard undermined our prior panel precedent to the point of abrogation even though the decision of the Supreme Court addressed a different crime (drunk driving) and a different sentencing law (the Armed Career Criminal Act, 18 U.S.C. § 924(e)) than the crime (carrying a concealed weapon) and the sentencing law (the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)) at issue in Archer. The same is true here where the new standard of Bowles governs whether the time limit for filing a notice of appeal is jurisdictional even though Bowles addressed a different subsection of the same rule of procedure.

We agree with our sister circuits that, because "there is no statute imposing Rule 4(b)'s time restrictions–or any other–on would-be criminal appellants[,]" United States v. Sadler, 480 F.3d 932, 938 (9th Cir. 2007), the deadline in Rule 4(b) for criminal defendants is not jurisdictional. After Bowles, all of our sister circuits that have considered whether the time limits in Rule 4(b) for criminal defendants are jurisdictional have concluded that those time limits are not jurisdictional because they are not based on a federal statute. See United States v. Byfield, 522 F.3d 400, 403 n.2 (D.C. Cir. 2008) (per curiam); United States v. Frias, 521 F.3d 229, 233–34 (2d Cir. 2008); United States v. Garduno, 506 F.3d 1287, 1290–91 (10th Cir. 2007); United States v. Martinez, 496 F.3d 387, 388–89 (5th Cir. 2007) (per curiam). Additionally, before Bowles, the Ninth Circuit held

8

that, based on the decisions of the Supreme Court in Eberhart and Kontrick, the time limits in Rule 4(b) are not jurisdictional. See Sadler, 480 F.3d at 936–40. Because the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not grounded in a federal statute, we hold that it is not jurisdictional.

*B.   The Government Has Not Forfeited Its Objection to Lopez's Untimely Notice of Appeal.*

Lopez argues that the government has forfeited its objection to his untimely notice of appeal by failing to raise it before the district court. We disagree. The government was not required to object in the district court to Lopez's untimely filing.

"We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process." Sadler, 480 F.3d at 940. Indeed, an appellee may object to the timeliness of an appeal for the first time in its merit brief. See Garduno, 506 F.3d at 1292; Sadler, 480 F.3d at 940–42; United States v. Singletary, 471 F.3d 193, 196–97 (D.C. Cir. 2006). "There is no provision in the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure requiring earlier objection to a late notice of appeal." Garduno, 506 F.3d at 1292.

Lopez argues that the decision of the Supreme Court in Eberhart supports his argument that the government has forfeited the issue of timeliness, but Eberhart is

9

distinguishable. In Eberhart, the Supreme Court addressed forfeiture in the context of a motion for a new trial under Federal Rule of Criminal Procedure 33. 546 U.S. at 13–14, 126 S. Ct. at 403–04. The Court held that the government had forfeited its objection to the defendant's untimely motion for a new trial because it "failed to raise a defense of untimeliness until after the District Court had reached the merits[.]" Id. at 19, 126 S. Ct. at 407. "The government had ignored the timeliness issue in its opposition to the new trial motion filed with the district court, addressing only the merits." Sadler, 480 F.3d at 941. As the Ninth Circuit stated in distinguishing Eberhart, "The district court was the appropriate arbiter of the issue, as it retained jurisdiction over the case until it disposed of the motion for a new trial." Id. Unlike a motion for a new trial, which is within the purview of the district court, this case "involves the timing of the filing of a notice of appeal." Id. That issue is within the purview of this Court, not the district court.

Because the government has not forfeited its objection to Lopez's untimely notice of appeal, we must apply the time limits of Rule 4(b). "The timeliness requirements of [Rule 4(b)] . . . 'assure relief to a party properly raising them.'" Garduno, 506 F.3d at 1291 (quoting Eberhart, 546 U.S. at 19, 126 S. Ct. at 407). Rule 4(b)(4) permitted the district court, upon a finding of excusable neglect or good cause, to extend the time for Lopez to file a notice of appeal by no more than

30 days from the deadline of February 21, 2007. Fed. R. App. P. 4(b)(4); Ward, 696 F.2d at 1317–18. That period ended on March 23, 2007, but Lopez did not even file his "Motion for Appeal" until March 29, 2007. At that late date, the district court, even upon a finding of excusable neglect or good cause, was not permitted to grant Lopez's untimely motion.

## IV. CONCLUSION

Lopez's appeal is

**DISMISSED.**

11