[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

No. 10-12928
Non-Argument Calendar

_____

D.C. Docket No. 7:07-cr-00467-RDP-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOFFREY FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 13, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

J. Tim Coyle, appointed counsel for Geoffrey Foster, has filed a motion to

withdraw on appeal, supported by a brief prepared pursuant to *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In response, the government has filed a motion to dismiss Foster's direct appeal, asserting that his notice of appeal was untimely. On June 12, 2008, the district court entered a judgment of conviction against Foster for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 18, 2010, more than two years after Foster's judgment was entered, Foster signed his *pro se* notice of direct appeal.

We review *de novo* the interpretation of rules of federal procedure. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). A defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of the judgment being appealed. Fed.R.App.P. 4(b)(1)(A). In addition, the district court may extend the time to appeal, upon a finding of excusable neglect or good cause, for a period not to exceed 30 days from the expiration of the initial appeal period. Fed.R.App.P. 4(b)(4). Unlike the time limits governing appeals in civil cases, the deadline in Rule 4(b) of the Federal Rules of Appellate Procedure ("Rule 4(b)") for filing a notice of appeal in a criminal case is not jurisdictional because it is not grounded in a federal statute. *Lopez*, 562 F.3d at 1312-13. In fact, it is a rule "for processing claims that assure[s] relief to a party properly raising [it]," and the failure to argue timeliness forfeits that contention. *Id.* at 1312 (quotation omitted). When the government properly objects to the untimeliness of a defendant's

2

criminal appeal, we "must apply the time limits of Rule 4(b)." *Id.* at 1314.

Because Foster's notice of appeal was filed two years after the entry of judgment and the government has raised the issue of timeliness in its motion to dismiss, we apply the Rule 4(b) time limits. *See Lopez*, 562 F.3d at 1314. Furthermore, because Foster's notice of appeal was not filed within 30 days of the expiration of the appeal period, he is not eligible for an extension of the appeal period under Rule 4(b)(4). Fed.R.App.P. 4(b)(4); *Lopez*, 562 F.3d at 1314. Therefore, we dismiss Foster's appeal as untimely. Based on this holding, we deny Coyle's motion to withdraw as moot.

The government's motion to dismiss Foster's appeal is **GRANTED** and counsel's motion to withdraw is **DENIED** as moot.