[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15387
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00251-JRH-WLB-9


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

ROBERT LEE BELTON, JR.,
a.k.a. Pookie,
a.k.a. Boss Mac,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 25, 2013)

Before  BARKETT,  WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Lee Belton, Jr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for the "reproduction" of various documents. In May 2011, Belton pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, and, in November 2011, he was sentenced to 158 months' imprisonment.  In August 2012, Belton filed a "Motion for Release of Prior Proceedings for [Purpose] of Appeal Pursuant to [18 U.S.C. §] 3006(A)(VI)(XI) That Rights of Petition[er] be Protected."  Belton requested the "reproduction" of the transcript of his change-of-plea hearing, in addition to motions and documents filed in his case, and he indicated that the documents were requested for his right of appeal.

The district court denied Belton's motion on September 20, 2012 , finding that, to the extent he requested a transcript for an appeal, he had no appeal pending and any appeal would be frivolous and dismissed as untimely.  Further, to the extent that he requested free copies of his record, the court denied that request. Belton filed an "Opposition" to the court's order which the district court construed as the filing of a notice of appeal.

Initially, we reject the government's argument suggesting that because the district court's order denying Belton's motion was not a final order, we have no jurisdiction of this appeal.  However, we find no reversible error.  On the merits, Belton argues that he was not informed that his plea agreement would result in a

2

158-month sentence, and that he should be allowed to withdraw his plea and to enter a new plea agreement in which he would plead guilty to a lesser-included offense with a statutory maximum of 53 months imprisonment.  Belton also discusses a "crack amendment" to the Sentencing Guidelines and requests a sentence reduction under Fed.R.Crim.P. 35(b).  The government responds that Belton's notice of appeal only encompasses the September 20 order and that we lack jurisdiction to review any other ruling.

We liberally construe notices of appeal when "(1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced."  *See Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (discussing liberal construction of notices of appeals in the civil context).  In addition, we liberally construe *pro se* pleadings.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, issues that are not raised in a brief on appeal are considered abandoned.  *United States v. Rodriguez*, 279 F.3d 947, 951 n.3 (11th Cir. 2002).

A criminal defendant's notice of appeal must be filed within 14 days of the entry of judgment, or within 30 days upon a finding of good cause. Fed.R.App.P. 4(b)(1)(A), (b)(4).  Although the timeliness of a defendant's criminal appeal is not jurisdictional, we have the power to dismiss an untimely appeal by a

3

criminal defendant upon request by the government. *United States v. Lopez*, 562 F.3d 1309, 1310 (11th Cir. 2009).

In this case, Belton's notice of appeal specified that he sought to appeal the district court's September 20 order denying his motion for documents. Even liberally construed, Belton did not specify that he was appealing his sentence or conviction, or that he sought a sentence reduction based on an amendment to the Sentencing Guidelines. Accordingly, our review is limited to the district court's September 20 order denying the instant motion for documents, and we do not consider Belton's arguments relating to his conviction and sentence. Moreover, Belton raises no argument on appeal relating to the district court's order denying the instant motion, and, thus, that issue is abandoned.

Upon review of the entire record on appeal, and upon consideration of parties' appellate briefs, the district court's order is

**AFFIRMED.**