[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12124
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00216-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORINTHIAN BOSTIC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 31, 2018)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Corinthian Bostic appeals his conviction for possession of a firearm by a convicted felon. On appeal, Defendant argues that the magistrate judge abused its discretion by denying his appointed counsel's motion to withdraw. Because Defendant failed to appeal the magistrate judge's pretrial order to the district court, we lack jurisdiction to consider this argument. And as he makes no other challenges to his conviction, we affirm the judgment of conviction.

## I.    BACKGROUND

In February 2016, officers with the Savannah-Chatham Metropolitan Police Department initiated a traffic stop of a vehicle based on a window-tint violation. After the vehicle stopped, the driver, who was later identified as Defendant, immediately exited the vehicle. Because officers could smell the odor of marijuana emanating from the vehicle, they searched the vehicle. In the trunk of the car, officers found a Smith and Wesson .40-caliber semiautomatic pistol.

A federal grand jury subsequently charged Defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Shortly thereafter, Defendant's appointed counsel moved to suppress all evidence obtained as a result of an alleged illegal stop, seizure, arrest, and search of Defendant's person, vehicle, and belongings. Defendant's counsel later moved to withdraw the motion to suppress and the magistrate judge granted the motion.

2

In October 2016, Defendant's appointed counsel moved to withdraw from representation because Defendant had informed counsel that he had filed a complaint against him with the State Bar of Georgia based on counsel's failure to pursue the motion to suppress in this case. Counsel asserted that he had serious concerns regarding his ability to effectively represent Defendant, as there was minimal trust between Defendant and counsel.

The magistrate judge held a hearing on counsel's motion to withdraw. After hearing from Defendant, Defendant's counsel, and the Government, the magistrate judge concluded that there were no grounds to excuse counsel from representation. Specifically, the magistrate judge explained that although Defendant might disagree with counsel's decision to withdraw the motion to suppress, that disagreement did not entitle him to a new attorney. Accordingly, the magistrate judge denied the motion. Defendant never appealed this ruling to the district court nor did he otherwise further object.

Following a trial, a jury found Defendant guilty as charged. The district court sentenced Defendant to 210 months' imprisonment. Defendant raises only one argument on appeal: the magistrate judge abused its discretion by denying his appointed counsel's motion to withdraw.

## II.    <u>DISCUSSION</u>

We consider our own jurisdiction *sua sponte* and review jurisdictional issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

The district court may designate a magistrate judge to hear and determine certain pretrial matters before the court.  28 U.S.C. § 636(b)(1)(A).  Rule 59(a) of the Federal Rules of Criminal Procedure provides that when a magistrate judge makes a determination on a pretrial matter, a party's failure to object within 14 days to the magistrate judge's oral or written ruling "waives a party's right to review."  Fed. R. Crim. P. 59(a).  We have further held that we lack jurisdiction to review a magistrate judge's order if the defendant does not first seek review by the district court.  *United States v. Schultz,* 565 F.3d 1353, 1360–62 (11th Cir. 2009) (dismissing a portion of an appeal challenging a magistrate judge's denial of a defendant's request to represent himself at trial because the defendant failed to appeal the magistrate judge's ruling before the district court); *see also United States v. Brown*, 441 F.3d 1330, 1352 & n.9 (11th Cir. 2006) (concluding that this Court lacked jurisdiction to review a magistrate judge's order quashing a subpoena because that ruling was not appealed to the district court and explaining that Rule 59(a) "is in complete accord" with this Court's precedent, which prevents it from considering the defendant's argument on appeal).

4

Here, Defendant waived his right to review of the magistrate judge's order denying his counsel's motion to withdraw.  The magistrate judge entered an oral order denying Defendant's counsel's motion to withdraw.  Defendant did not object to that order within the required 14-day period, or at any point thereafter. *See* Fed. R. Crim. P. 59(a).  Nor did Defendant ever appeal the denial of that motion to the district court.  Because Defendant failed to seek review by the district court of the magistrate judge's order denying his counsel's motion to withdraw, we lack jurisdiction to review the merits of that ruling.  *See Schultz*, 565 F.3d at 1359 ("The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrate [judges].").  In addition, because Defendant has raised no other challenge to the final judgment in his appellate brief, he has abandoned any argument he could have made as to that judgment.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that a defendant abandons any issues not raised in an appellate brief on appeal).

Accordingly, the judgment is **AFFIRMED**.

5