[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11991
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-00143-ODE-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDNECDIA (TINA) JOHNSON,
a.k.a. Tina Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 7, 2019)

Before WILLIAM PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

The government has filed a motion to dismiss Johnson's appeal, arguing that

we lack jurisdiction to consider it because (1) her time to appeal the restitution

amount has long since passed and (2) her appeal is precluded by the limited appeal

waiver in her plea agreement. However, the failure to file a timely notice of appeal does not deprive us of jurisdiction. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). In any event, Johnson timely appealed from the district court's 2018 order denying her *pro se* motion to adjust her restitution.
Fed. R. App. P. 4(b)(1)(A)(i).

Nevertheless, in her brief on appeal, Johnson largely raises issues challenging the district court's initial award of restitution in 2004, not the district court's order denying her *pro se* motion in 2018, and so her arguments challenging the 2018 order have been abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). As for the arguments that she does raise on appeal, which focus on the district court's 2004 award of restitution, we are required to dismiss them as untimely pursuant to the government's request. *Lopez*, 562 F.3d at 1312-14.

To the extent that Johnson's arguments on appeal can be construed to challenge the district court's denial of her *pro se* motion, we dismiss Johnson's appeal pursuant to her valid appeal waiver.[1] We have held that a valid appeal waiver may bar a challenge to restitution, *United States v. Johnson*, 541 F.3d

---

[1] Contrary to the government's assertions, a valid appeal waiver does not deprive us of jurisdiction but does require that we dismiss an appeal prior to reaching its merits. *See, e.g.*, *United States v. Howles*, 166 F.3d 1166, 1169 (11th Cir. 1999) (declining to reach the merits of an appeal due to a valid appeal waiver).

1064, 1068 (11th Cir. 2008), and we have also previously determined that Johnson's appeal waiver is valid and enforceable, making it the law of the case, *In re Lambrix*, 776 F.3d 789, 793 (11th Cir. 2015) (*per curiam*).  Johnson's limited appeal waiver does not contain an exception relevant to her appeal.  We therefore enforce Johnson's limited appeal waiver with regard to any timely issues raised by Johnson.

Accordingly, the Government's motion to dismiss this appeal in part as untimely and in part pursuant to the appeal waiver in Appellant's plea agreement is GRANTED.