[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14193
Non-Argument Calendar
_____

D.C. Docket No. 2:08-cr-00158-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC MARION, SR.,
a.k.a. "T",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 14, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Isaac Marion, Sr., a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to correct judgment under Fed. R. Crim. P. 36.  On appeal, Marion argues that the district court erred by denying his motion because the judgment should have reflected the sentencing court's intent that his 188-month total sentence run concurrently from the beginning of the 108-month sentences that he was already serving, rather than running concurrently with the undischarged term of those sentences, a difference of 38 months.  He also argues that the 38-month error violates his rights under the Double Jeopardy Clause of the Fifth Amendment.

We review *de novo* a district court's application of Rule 36.  *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016).  We review questions of our appellate jurisdiction *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1312 (11th Cir. 2009).  Constitutional objections not raised before the district court are reviewed only for plain error.  *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005).  To establish plain error, a defendant must show: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 1019.

Under Rule 36, the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  A clerical error is one

2

that is "minor and mechanical in nature," such as where the written judgment does not correctly reflect the court's oral pronouncement. *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004). Rule 36 cannot be used to make a substantive alteration to a criminal sentence. *Id.* at 1164.

U.S.S.G. 5G1.3(b) provides that, if a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b). The provisions of § 5G1.3(b) are mandatory. *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1339 (11th Cir. 2017). Thus, where its requirements are met, the court must adjust a prisoner's sentence. *Id.*

A sentence to a term of imprisonment begins on the date the defendant is received in custody awaiting transportation to the official detention facility at which the sentence is to be served. 18 U.S.C. § 3585(a).

The district court did not err in denying Marion's Rule 36 motion because it correctly determined that the judgment did not contain clerical errors in need of correction. *See Portillo*, 363 F.3d at 1165. The sentencing transcript does not

3

support Marion's argument that the court intended either to credit him for the 38 months he had already served on the first sentence or for the first and second sentences to run fully concurrently, and the judgment reflected exactly what the court pronounced at sentencing.  Because the judgment reflected the court's oral pronouncement at sentencing, Marion's argument that he should have received 38 months of credit is a substantive argument that the district court erred in its application of U.S.S.G. § 5G1.3(b), not an argument that the judgment contained a minor or mechanical error.  *See Portillo*, 363 F.3d at 1165.  The district court could not make a substantive alteration to his sentence under Rule 36 and, thus, correctly denied his motion.  *See id.* at 1164.  Similarly, the district court did not plainly err in denying Marion's motion on the ground that the 38-month error subjected him to double jeopardy, because that too is a substantive argument not suitable for a Rule 36 motion.  *See id.*  Accordingly, the district court did not err in concluding that the judgment did not contain an error that should be remedied under Rule 36.

**AFFIRMED.**