[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11570
Non-Argument Calendar

_____

D.C. Docket No. 2:94-cr-14098-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY LEE LEONARD,
a.k.a. Crow,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 16, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Johnny Lee Leonard appeals the district court's order denying his motion to reduce his sentences, pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act).  His appeal also includes the district court's amended judgment and order denying his reconsideration motion.[1]  Among other things, he argues that he is eligible for and deserves relief under the First Step Act as to all counts, and that it is unclear whether the district court found him ineligible or denied him relief as an exercise of discretion.  One way or another, he says, the district court abused its discretion.  After briefing was completed in Leonard's appeal, we issued *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), which interpreted the First Step Act and addressed how to apply it to cases like Leonard's.  In supplemental authority letters, the parties reanalyzed Leonard's case under *Jones*.  After careful review, and under *Jones*, we vacate the district court's orders and remand for the court to consider whether to exercise its discretion to reduce Leonard's sentence under the First Step Act.

---

[1] Leonard does not designate the district court's clarification order in his notice of appeal, but his intent to appeal that order is otherwise clear, as unnoticed issues in that order are inextricably intertwined with the issues in the court's original order.  *See* Fed. R. App. P. 3(c)(4); *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (noting that this court "embraces a policy of liberal construction of notices of appeal when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced" (internal quotation marks omitted)).  Additionally, Leonard's motion for reconsideration was not filed within 14 days after the entry of the judgment being appealed and, thus, failed to extend the time to appeal.  But this is a claims-processing rule that has been waived by the government on appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Lopez*, 562 F.3d 1309, 1312–13 (11th Cir. 2009).

2

I

We review de novo whether a district court had the authority to modify a term of imprisonment. *Id.* at 1296. District courts may modify a term of imprisonment to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). "[T]he First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment." *Jones*, 962 F.3d at 1297. We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* at 1296. A district court abuses its discretion when it applies an incorrect legal standard. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

Among other things, the Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act); *see Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair

3

Sentencing Act § 2(a)(1)–(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).

These amendments were not made retroactive to defendants who were sentenced

before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d

374, 377 (11th Cir. 2012) (per curiam).

In 2018, Congress made retroactive for covered offenses the statutory

penalties enacted under the Fair Sentencing Act. *See* First Step Act § 404. Under

§ 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered

offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair

Sentencing Act . . . were in effect at the time the covered offense was committed."

The statute defines "covered offense" as "a violation of a Federal criminal statute,

the statutory penalties for which were modified by section 2 or 3 of the Fair

Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a).

The First Step Act further states that "[n]othing in this section shall be construed to

require a court to reduce any sentence pursuant to this section." *Id*. § 404(c).

In *Jones*, we elaborated on the threshold "covered offense" requirement,

plus two limitations on authority for sentence reductions under the First Step Act.

962 F.3d at 1298–1303. A covered offense is one that "triggered a statutory

penalty that has since been modified by the Fair Sentencing Act," for example,

those in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298, 1301.

Even if a movant has a covered offense, a court must consider two more limitations

4

on authority. *Id.* at 1303. First, a court may not "reduc[e] a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Id.* Applying that framework in *Jones*, we vacated and remanded the denials of two of the movants' motions because the district courts had authority to reduce their sentences under the First Step Act, but it was unclear whether the courts had recognized that authority. *Id.* at 1304–05.

## II

In this case, the district court had authority to reduce Leonard's sentence under the First Step Act. To start, each of Leonard's counts was a "covered offense" because each involved crack cocaine and a violation of 21 U.S.C. § 841(a)(1), triggering the penalties of § 841(b)(1)(A)(iii) and (B)(iii), which the Fair Sentencing Act modified. *See Jones*, 962 F.3d at 1298, 1301.

At the time of sentencing, the PSI contained findings regarding the amounts of crack cocaine that related to each count: 131.5, 5.6, 39.5, 39.5, and 84.5 grams, respectively. The district court adopted those findings for sentencing purposes and upheld an enhancement based on Leonard's prior felony drug convictions.

Under those facts, the court sentenced Leonard to concurrent terms of life imprisonment as to each of Counts 1 through 3 and 5, and 80 years as to Count 4. Additionally, the court imposed supervised release terms of 10 years as to Counts 1 and 5, and 8 years as to Counts 2 through 4.

In determining what Leonard's statutory penalties would be under the Fair Sentencing Act, the PSI drug-amount findings that the district court adopted control. *See Jones*, 962 F.3d at 1303. At bottom, Leonard did not receive the lowest statutory penalties that would be available to him under the Fair Sentencing Act. *See* 21 U.S.C. § 841(b)(1)(B)(iii), (b)(1)(C); *id.* § 861(b). Therefore, the district court had authority to reduce Leonard's sentences. *See Jones*, 962 F.3d at 1303.

But here, as in *Jones*, it is not clear from any of the district court's orders whether the district court understood the extent of its authority to resentence Leonard under the First Step Act. *See id.* at 1304–05. Its discussion focused only on guideline ranges; it gave no discernable analysis of Leonard's eligibility or its authority to reduce Leonard's sentences under the First Step Act. The government insists that the district court exercised its discretion and did so properly as to some of Leonard's counts. But at best the district court's discussion is "ambiguous" as to whether the district court was exercising discretion. *See id.* at 1305. And *Jones* makes clear that, when we cannot tell what the correct reading of a district court's

6

order is, vacatur and remand is warranted. *Id.* Therefore, we vacate and remand for the district court to reconsider Leonard's motion with a full understanding of its authority under the First Step Act.

**VACATED AND REMANDED.**