[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13118
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20322-UU-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNEL RODRIGUEZ HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 29, 2021)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Reynel Rodriguez Hernandez appeals the district court's denial of his motion

for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First

Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5238-39 (2018) ("First Step Act"). He argues on appeal that the district court erred in denying his motion because it failed to consider additional factors that could constitute "extraordinary and compelling" reasons for his release, aside from those specified in U.S.S.G. § 1B1.13. However, Hernandez was sentenced to 48 months' imprisonment in 2017 and was released on March 18, 2021 to begin his supervised release term. After careful review, we dismiss the appeal for lack of jurisdiction.

We review de novo jurisdictional issues, which we must raise sua sponte. United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009). We retain jurisdiction to hear only live cases and controversies under Article III of the U.S. Constitution. United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008). A dispute is moot, and ceases to be a case or controversy, when we can no longer provide meaningful relief to the claimant. Id. Completion of a prison term moots a challenge to the term of confinement. United States v. Farmer, 923 F.2d 1557, 1568 (11th Cir. 1991).

In this appeal, we are compelled to dismiss Hernandez's appeal for lack of jurisdiction. Hernandez has been released from the term of imprisonment from which he sought compassionate release, which means that the instant appeal no longer presents a live case and controversy over which we retain jurisdiction, and is, therefore, moot. See Al-Arian, 514 F.3d at 1189; Farmer, 923 F.2d at 1568. Accordingly, we DISMISS the appeal for lack of jurisdiction.