[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-13396
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00228-BJD-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER SHAWN WARNOCK,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2021)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Warnock, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  He argues that the district court abused its discretion in not appointing him counsel because, without counsel, he was unable to obtain his medical records and show extraordinary and compelling circumstances warranting release.

We review de novo jurisdictional issues, which we must raise sua sponte. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We retain jurisdiction to hear only live cases and controversies under Article III of the U.S. Constitution. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008). A dispute is moot, and ceases to be a case or controversy, when we can no longer provide meaningful relief to the claimant.  *Id.*  Completion of a prison term moots a challenge to the term of confinement. *United States v. Farmer*, 923 F.2d 1557, 1568 (11th Cir. 1991).

In this appeal, we are compelled to dismiss Warnock's appeal for lack of jurisdiction. Warnock has been released from the term of imprisonment from which he sought compassionate release,[2] a fact that has now been confirmed by the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

[2]  According to the Bureau of Prisons Inmate Locator page, Warnock was released on May 7, 2021.  https://www.bop.gov/inmateloc/

United States.  This means that the instant appeal no longer presents a live case and controversy over which we retain jurisdiction, and is, therefore, moot. *See Al-Arian*, 514 F.3d at 1189; *Farmer*, 923 F.2d at 1568. Accordingly, we DISMISS the appeal for lack of jurisdiction.