[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13264

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:18-cr-00005-CAR-CHW-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Frank Douglas pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), for which the district court sentenced him to 240 months' imprisonment and ordered him to pay $6,700 in restitution. Douglas appealed the district court's denial of his motion to withdraw his guilty plea before sentencing. Shortly after the parties completed briefing, however, Douglas passed away.

We review questions of jurisdiction *de novo*, and we may raise the issue *sua sponte*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). "It is a well-settled principle of law that all criminal proceedings abate *ab initio* when the defendant dies pending direct appeal of his criminal conviction." *United States v. Schumann*, 861 F.2d 1234, 1236 (11th Cir. 1988). In such a scenario, we must dismiss the appeal as moot and remand to the district court with directions to vacate the judgment and dismiss the indictment. *See id.* That the district court ordered the deceased defendant to pay restitution does not affect this result. *United States v. Logal*, 106 F.3d 1547, 1551-52 (11th Cir. 1997).

Because Douglas passed away shortly after the parties completed briefing, his appeal is moot. Accordingly, we dismiss the appeal and remand with instructions to vacate the judgment and dismiss the indictment against Douglas.

**DISMISSED.**