[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-10293

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

RODOLFO ORTIZ,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20710-JAL-1

_____

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

The Government seeks to dismiss this appeal as untimely. On October 1, 2021, the district court entered an order denying Rodolfo Ortiz's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Ortiz filed a motion to reconsider 14 days later, on October 15, 2021.  The district court entered an order denying Ortiz's motion for reconsideration on December 27, 2021.  Ortiz filed his notice of appeal on January 23, 2022, after the 14-day deadline to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (providing in a criminal case, a defendant must file a notice of appeal within 14 days after entry of the judgment or order being appealed).  We remanded this case to the district court for the court to determine whether Ortiz had shown excusable neglect or good cause warranting an extension of the appeal period.  *See United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983) (explaining in criminal cases, we have customarily treated a late notice of appeal, filed after the 14-day period but within the 30 days during which an extension is permissible, as a motion for extension of time and remanded the case to the district court for the limited purpose of finding of excusable neglect).

On limited remand, the district found that Ortiz did not assert, argue, or establish excusable neglect or good cause warranting an extension of the appeal period.  *See* Fed. R. App. P. 4(b)(4) (stating upon a finding of good cause or excusable neglect, a district court may grant a 30-day extension of the 14-day deadline in a

22-10293                 Order of the Court                         3

criminal case, either "before or after the time has expired, . . . for a period not to exceed 30 days from the expiration of the time otherwise prescribed").  If the government raises the issue of timeliness, then we "must apply the time limits of Rule 4(b)." *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).

Ortiz's untimely notice of appeal was filed 27 days after the district court entered its last relevant order, and Ortiz has no good cause or excusable neglect warranting an extension of the appeal period.  Thus, we dismiss Ortiz's appeal as untimely.

**DISMISSED.**