[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11681

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEHUDIJAH UZZIEL WOODS,
a.k.a. Jehudijah Woods,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00015-AKK-JHE-1

2                      Opinion of the Court                    22-11681

———————————————

Before JORDAN, JILL PRYOR, and ABUDU, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal as untimely is GRANTED, and this appeal is DISMISSED. Jehudijah Woods's notice of appeal, deemed filed on May 12, 2022, is untimely to appeal from the district court's February 18, 2022 final criminal judgment. *See* Fed. R. App. P. 4(b)(1)(A) (providing that a defendant's notice of appeal must be filed within 14 days after entry of the appealed judgment or order); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (providing that a *pro se* prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing); *United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009) (holding that the time limit in Rule 4(b)(1)(A) is a non-jurisdictional claims-processing rule that we must enforce if raised by the government). The government did not forfeit its ability to challenge the timeliness of this appeal because it moved to dismiss the appeal as untimely prior to filing its appellate merits brief. *See Lopez*, 562 F.3d at 1313-14. Further, because Woods's notice of appeal was filed outside of the 30-day period after the expiration of the initial 14-day appeal period, he is not eligible for relief under Rule 4(b)(4). *See* Fed. R. App. P. 4(b)(4); *Lopez*, 562 F.3d at 1314.