[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10344

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROBERT BOEHME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00571-TPB-AEP-1

_____

Before JORDAN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Robert Boehme appeals from a magistrate judge's orders denying his motion to appoint counsel and his motion for reconsideration. Additionally, in his appellate brief, he challenges his underlying criminal judgment. The government moves to dismiss this appeal as untimely to appeal from that judgment.

We lack jurisdiction to hear Boehme's appeal from the magistrate judge's orders because the district court has not rendered them final. *See Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) (explaining that magistrate judge orders issued pursuant to 28 U.S.C. § 636(b) are not final and may not be appealed until rendered final by a district court); *Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998). Indeed, Boehme has not asked the district court to review either order. *See United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (holding that because criminal defendant "failed to appeal to the district court the magistrate judge's denial of his motion for self-representation, [] we lack jurisdiction to hear his appeal"); Fed. R. Crim. P. 59(a) ("Failure to object in accordance with this rule waives a party's right to review.").

Additionally, to the extent that Boehme seeks to challenge his May 12, 2021 criminal judgment, his notice of appeal, deemed filed on January 20, 2023, is untimely. *See* Fed. R. App. P. 4(b)(1)(A) (providing that in criminal cases, a defendant's notice of appeal

must be filed within 14 days after the entry of the judgment or order being appealed); *United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009) (holding that we must apply Rule 4(b)'s 14-day time limit when the government objects to an untimely notice of appeal); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (holding that a *pro se* prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities, and absent contrary evidence, we assume that a prisoner delivers a filing on the date he signs it).

Accordingly, the government's motion to dismiss is GRANTED, and this appeal is DISMISSED.