[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13463

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BRADLEY DUANE HOSCHOUER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:03-cr-00020-TCB-ECS-1

_____

Before JORDAN, LUCK, and HULL, Circuit Judges.

PER CURIAM:

Defendant Bradley Hoschouer appeals the district court's order revoking his five-year term of supervised release and imposing a sentence of 24 months' imprisonment, followed by a three-year term of supervised release. On appeal, Hoschouer argues the district court: (1) lacked jurisdiction to revoke his supervised release as to one of the eight violations found by the district court (failure to register as a sex offender in Ohio), and (2) imposed a procedurally and substantively unreasonable revocation sentence. Hoschouer has completed his 24-month sentence but remains on supervised release.

In response, the government argues Hoschouer's appeal should be dismissed as untimely. After review of the record, we agree and for the following reasons dismiss Hoschouer's appeal.

A criminal defendant must file a notice of appeal within 14 days after the entry of the judgment or order appealed. Fed. R. App. P. 4(b)(1)(A). This time limit is a non-jurisdictional claims-processing rule that we must enforce if raised by the government. *United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009). The government may move to dismiss an appeal as untimely as late as its appellate merits brief. *Id.* at 1313-14.

Rule 4(b)(4) authorizes the district court to grant a 30-day extension of the filing deadline for appeals in a criminal case based

on a finding of good cause or excusable neglect.  Fed. R. App. P. 4(b)(4).  This Court customarily treats a late notice of appeal, filed within the 30-day extension period, as a motion for an extension of time and remands for the district court to consider excusable neglect.  *See, e.g.*, *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983).  However, if a criminal defendant's notice of appeal is filed more than 30 days after the expiration of the 14-day appeal period, then the defendant is not eligible for relief under Rule 4(b)(4).  *See Lopez*, 562 F.3d at 1314 (noting that Rule 4(b)(4) allows the district court to extend the time for filing a notice of appeal by no more than 30 days after the initial deadline).[1]

Here, the district court entered the order revoking Hoschouer's supervised release and imposing the 24-month sentence on July 10, 2023.  Hoschouer's *pro se* notice of appeal, sent from prison, is deemed filed on September 28, 2023, the date Hoschouer signed it.  *See* Fed. R. App. P 4(c)(1); *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (providing that a *pro se* prisoner's court filing is filed when delivered to prison authorities for mailing and, absent contrary evidence, we will assume a prisoner's filing was delivered to prison authorities on the date he signed it).

---

[1] Hoschouer, rather than his court-appointed attorney, filed the late notice of appeal.  In his *pro se* notice of appeal, Hoschouer asserted that his counsel rendered ineffective assistance *during the revocation proceedings*—primarily for failing to raise an improper venue argument—but Hoschouer did not argue his counsel should have filed a notice of appeal for him.

In short, Hoschouer's notice of appeal was filed 80 days after the July 10, 2023 revocation order.  Accordingly, his appeal of that revocation order is untimely.  *See* Fed. R. App. P. 4(b)(1)(A), (b)(4).  The government raised the timeliness issue in its appellate brief and asked for the appeal to be dismissed.  We thus must enforce Rule 4(b)'s 14-day time limit.  *See Lopez*, 562 F.3d at 1312-13.  Further, because Hoschouer's notice of appeal was not filed within 30 days after the expiration of the initial 14-day appeal period (i.e., by August 23, 2023), he is not eligible for relief under Rule 4(b)(4).  *See* Fed. R. App. P. 4(b)(4); *Lopez*, 562 F.3d at 1314.

**APPEAL DISMISSED.**