# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10633

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LATOSHA STRONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00152-WFJ-SPF-1

_____

Before JORDAN and JILL PRYOR, Circuit Judges.

2                         Order of the Court                      25-10633

BY THE COURT:

We issued a jurisdictional question about whether the magistrate judge's February 3, 2025, order finding Latosha Strong incompetent and committing her to the custody of the Attorney General for hospitalization was an appealable order. In its response, the government argues that Strong's appeal is untimely. Strong was required to file a notice of appeal by February 18 but did not file her notice until February 26. *See* Fed. R. App. P. 4(b)(1)(A), 26(a)(1)(C), 26(a)(6)(A). Because the government raised the issue of timeliness, we must apply that time limit. *See United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).

However, Strong's notice of appeal was filed within the 30-day period during which an extension of time to file a notice of appeal would be permissible. *See* Fed. R. App. P. 4(b)(4). We have customarily treated such untimely notices of appeal as motions for extensions under Rule 4(b)(4) and remanded to the district courts to determine whether those extensions were justified. *See United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983).

Accordingly, we REMAND this case to the district court for the limited purpose of determining whether an extension under Rule 4(b)(4) is justified. Upon making its determination, the district court shall return the case, as supplemented, to us for further proceedings.