**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13153
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

STEVEN JAMES KELLY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80092-RLR-1
_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

In 2025, Steven James Kelly, proceeding pro se, filed a document titled "Formal Appeal for; 18-USC-871(a) (DE 56)" in his crim-

inal case in which the district court had adjudicated him incompetent and dismissed the indictment in 2022. In his filing, which the district court docketed as a notice of appeal, Kelly did not identify any rulings from which he was appealing.

We issued a jurisdictional question asking the parties to identify which order the notice of appeal evinces an intent to appeal from. In its response, the government moves to dismiss the appeal as untimely to appeal from any district court order. Kelly did not respond.

If Kelly sought to appeal from the district court's most recent order, which was entered on October 16, 2024, the deadline to file the notice of appeal was October 30, 2024. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that, in criminal cases, a defendant must file a notice of appeal within 14 days after the entry of the order or judgment being appealed). Under the prison mailbox rule, the earliest that Kelly's notice could be deemed filed is September 1, 2025, the date that he certified that he had provided it to prison officials for mailing.[1] *See* Fed. R. App. P. 4(c)(1) (describing the prison mailbox rule); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that,

---

[1] It is unclear when Kelly's notice is deemed filed under the prison mailbox rule because he certified that he had provided it to prison officials for mailing on September 1, 2025, and the envelope in which it was mailed is stamped as received by prison officials for mailing on September 2, 2025. The one-day difference, however, is not dispositive, as Kelly's notice is untimely to appeal any of the district court's orders when deemed filed on either date.

under the rule, a notice of appeal is deemed filed on the date that the prisoner delivered it to prison authorities).

The notice is thus untimely to appeal from the October 16, 2024, order. *See* Fed. R. App. P. 4(b)(1)(A)(i). The notice is also deemed filed more than 30 days after the October 30 deadline, so Kelly is not eligible for an extension of time. *See* Fed. R. App. P. 4(b)(4) (providing that district courts can "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)"); *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009). As his notice of appeal is not timely to appeal from the court's most recent order, Kelly's notice is also not timely to appeal from any earlier order.

Accordingly, because the government raised the issue of timeliness, we must apply Rule 4(b)(1)(A)(i) and dismiss this appeal as untimely. *See Lopez*, 562 F.3d at 1314. The motion to dismiss is GRANTED, and this appeal is DISMISSED.