**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13110

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW WRIGHT,

a.k.a. Anthony James Laycock,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:05-cr-00012-HL-RLH-1

_____

Before JILL PRYOR, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Andrew Wright, proceeding pro se, filed a construed notice of appeal on September 14, 2023.  That was more than 14 years after the last docket entry in this criminal case.

A jurisdictional question ("JQ") asked the parties to address which order(s) the notice evinced an intent to appeal from.

The government responds that Wright intended to appeal from the district court's August 23, 2006 final judgment because his notice of appeal alleges error in his prosecution and conviction. It also objects to the timeliness of the appeal.  Wright's JQ response does not address which order(s) he intended to appeal from.

Upon review of the record and the parties' JQ responses, we conclude that Wright's notice of appeal evinces an intent to appeal from the district court's August 23, 2006 final judgment.  We further conclude that we cannot review that judgment.

Wright had until September 6, 2006 to appeal the final judgment.  His notice of appeal, filed on September 14, 2023, is thus untimely.  *See* Fed. R. App. P. 4(b)(1)(A).

Because the government objects to the timeliness of the appeal, we "must apply the time limits of Rule 4(b)" even though those limits are not jurisdictional.  *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009).  Additionally, because Wright filed his notice of appeal more than 30 days after the expiration of the 14-day appeal period, he is not eligible for relief under Rule 4(b)(4).  *See* Fed. R. App. P. 4(b)(4) (providing that, upon a finding of excusable neglect or good cause, the district court may extend

23-13110                 Opinion of the Court                 3

the time to file a notice of appeal for up to 30 days); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983) (noting that we customarily treat a late notice of appeal, filed within the 30 days during which an extension is permissible, as a motion for extension of time under Rule 4(b)(4) and remand to the district court).

Accordingly, this appeal is DISMISSED as untimely.