[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14363
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80911-KLR; 9:09-cr-80101-KLR-1

ROSCOEMANUEL JAMES DANIELS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 30, 2015)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

On September 4, 2013, Roscoemanuel James Daniels, a federal prisoner, filed a 28 U.S.C. § 2255 motion to vacate his sentence. The magistrate judge concluded that because Daniels' conviction had become final on March 23, 2012, his filing fell well outside the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The district court adopted the magistrate judge's report and recommendation and dismissed the motion as time-barred. Daniels appealed and we granted a certificate of appealability on a single question: "Whether the district court erred in dismissing as time-barred . . . Daniels's 28 U.S.C. § 2255 motion to vacate."[1]

We review de novo the dismissal of a § 2255 motion as time-barred. Outler v. United States, 485 F.3d 1273, 1278 (11th Cir. 2007). Under AEDPA's statute of limitations, a federal prisoner must ordinarily "file his § 2255 petition within one year of the date on which his judgment of conviction becomes final." Johnson v. United States, 340 F.3d 1219, 1222 (11th Cir. 2003). We apply the prison mailbox rule, under which "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). We assume, "[a]bsent evidence to the contrary, . . . that

---

[1] Daniels also moves this Court for leave to file his pro se reply brief out of time and to waive the certification of compliance requirement for his reply brief, which we construe as a motion to file excess pages. Those motions are GRANTED.

a prisoner delivered a filing to prison authorities on the date that he signed it."
Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014).

Daniels' § 2255 motion is signed and dated September 4, 2013.  Absent
evidence to the contrary, that is the presumptive filing date.  Jeffries, 748 F.3d at
1314.  Because Daniels' conviction became final in March 2012, his motion was
therefore untimely under AEDPA's one-year statute of limitations.  Daniels
contends that we should recognize a different filing date.  He argues that his filing
was timely under the prison mailbox rule because he originally delivered his
§ 2255 motion to prison authorities for mailing on an earlier date.  In the district
court, he submitted an affidavit that stated in relevant part, "On March 13, 2013, I
placed my motion for relief under § 2255, in the prison mailbox[.]"

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United
States District Courts permits a prisoner to show that his motion was timely by
making that type of declaration.  Rule 3(d) further provides, however, that the
prisoner's declaration must not only "set forth the date of deposit," it must "state
that first-class postage has been prepaid."  Id. (emphasis added).  Daniels' affidavit
sets forth the date of deposit, but it does not state that first-class postage had been
prepaid.  That omission is fatal to his § 2255 motion.

Rule 3(d) has only two requirements with respect to the content of the
prisoner's declaration.  To demand anything other than strict compliance with

3

those requirements would render them nullities.  See United States v. Winkles, 795 F.3d 1134, 1146–47 (9th Cir. 2015) (stating that to adopt an interpretation of Rule 3(d) that does not require the prisoner to state that postage has been prepaid "would render this portion of the rule mere surplusage").  As the Seventh Circuit has explained, "the declaration [is required] to state only two things; 50% is not enough."  United States v. Craig, 368 F.3d 738, 740 (7th Cir. 2004).[2]

Because Daniels did not satisfy the requirements of Rule 3(d), he cannot avail himself of the prison mailbox rule and the district court did not err in dismissing his § 2255 motion as time-barred.

**AFFIRMED.**

---

[2] In Craig, the Seventh Circuit construed Federal Rule of Appellate Procedure 4(c)(1) instead of Rule 3(d) of the Rules Governing Section 2255 Proceedings.  368 F.3d at 739–40.  However, both rules state the same requirement, using the same language, that the prisoner's declaration "must set forth the date of deposit and state that first-class postage has been prepaid."  Rule 3(d) of the Rules Governing Section 2255; Fed. R. App. P. 4(c)(1).  Because the rules are the same in that regard, we see no reason to construe them differently.