[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-13580
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20210-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIRTAJ (TOSH) MATHAUDA,
a.k.a. Mark Bolan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 21, 2020)

Before WILSON, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Sirtaj Mathauda, proceeding *pro se*, appeals the district court's orders

denying his motion for judgment of acquittal based on actual innocence claims and

to produce evidence.  The government has filed a motion to dismiss the appeal as untimely.

In evaluating our appellate jurisdiction, we will consider the substance of the order on appeal and its practical effect, rather than any labels applied by the district court.  *Young v. Prudential Ins. Co. of America*, 671 F.3d 1213, 1215 (11th Cir. 2012).

In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment or order being appealed.  Fed. R. App. P. 4(b)(1)(A)(i).  A *pro se* prisoner's notice of appeal is deemed filed on the date that he delivers it to prison authorities for mailing.  Fed. R. App. P. 4(c)(1); *see Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).  Absent evidence to the contrary, we will assume that a prisoner delivered a filing to prison authorities on the day the prisoner signed it.  *Daniels*, 809 F.3d at 589.  If a deadline falls on a Saturday, Sunday, or legal holiday, the time to file continues to run until the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. App. P. 26(a)(1)(C).

Rule 4(b)(4) authorizes the district court to grant a 30-day extension of the 14-day deadline in a criminal case based on a finding of good cause or excusable neglect.  Fed. R. App. P. 4(b)(4).  In criminal cases, we have customarily treated a late notice of appeal, filed within the 30 days during which an extension is permissible, as a motion for extension of time and remanded to the district court for

2

a finding of excusable neglect. *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983). However, if a criminal defendant's notice of appeal is filed more than 30 days after the expiration of the initial 14-day appeal period, then the defendant is not eligible for relief under Rule 4(b)(4). *See United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009) (noting that Rule 4(b)(4) allowed the district court to extend the time for filing a notice of appeal by no more than 30 days after the initial deadline).

Unlike in a civil case, the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. *Id.* at 1312-13. Instead, the filing deadline is considered a claims processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. *Id.* at 1312-13. Nevertheless, if the government raises the issue of timeliness, then we "must apply the time limits of Rule 4(b)." *Id.* at 1313-14.

A notice of appeal in a civil case must be filed within 60 days after the judgment or order appealed from is entered if one of the parities to an action is the United States, a federal agency, or a federal official or employee acting in her official capacity or sued individually for actions taken in connection with her duties as a United States employee. 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B). In both civil and criminal cases, a timely motion for reconsideration can toll the time to appeal. *See* Fed. R. App. P. 4(a)(4)(A); *United States v. Vicaria*, 963 F.2d 1412,

1414 (11th Cir. 1992) (noting that a motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal).

Here, the record suggests that Mathauda knew, or should have known, that the criminal appeal rules applied because (1) the district court stated that it construed his 2014 motion as a Rule 29 motion; (2) in moving for reconsideration, Mathauda never argued his 2014 motion should have been construed as a § 2255 motion; (3) in the order on the motion for reconsideration, the district court found that it did not err in construing the motion as a Rule 29 motion and not a § 2255 motion; and (4) Mathauda acknowledged that the 14-day time limit applied in his amended notice of appeal. Moreover, the record demonstrates that Mathauda knew how to file a § 2255 motion because he currently has one pending, and he requested that his current § 2255 motion be stayed pending resolution of the motions at issue in this case.

Because the criminal appeal rules applied, Mathauda needed to appeal the denial of that motion, and subsequent denial of his reconsideration motion, on or before Wednesday, July 24, 2019. *See* Fed. R. App. P. 4(b)(1)(A)(i). Thus, Mathauda's notice of appeal, deemed filed on September 6, 2019, would be untimely to appeal from those orders. *See* Fed. R. App. P. 4(b)(1)(A)(i), (c)(1); *Daniels*, 809 F.3d at 589. Additionally, Mathauda's notice of appeal was filed outside the additional 30-day period for an extension under Rule 4(b)(4), which expired on

4

Friday, August 23, 2019, so there is no reason to remand the case to determine if Mathauda is eligible for relief under the rule. *See* Fed. R. App. P. 4(b)(4); *Lopez*, 562 F.3d at 1314. Accordingly, we GRANT the government's motion to dismiss the appeal as untimely.