[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11359
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cv-02846-EAK-AAS


DUANE E. ARMSTRONG,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2021)

Before MARTIN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Duane Armstrong, a Florida prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2254 petition.  The district court held that

Armstrong's petition was untimely and, in any event, he was not entitled to relief on the merits. After careful consideration, we conclude that Armstrong's petition was timely. However, we agree with the district court that Armstrong has not shown he is entitled to relief on the merits of his petition. We therefore affirm.

## I.

In 2012 Armstrong was convicted by a Florida jury of burglary and petty theft and sentenced to 30 years in prison. Florida's Second District Court of Appeal ("Second DCA") affirmed his convictions on April 1, 2015. On May 14, 2015, Armstrong filed a Florida Rule of Criminal Procedure 3.850 motion, which the trial court denied. The Second DCA affirmed the trial court's denial on January 13, 2017 and its mandate issued on February 10, 2017.

Armstrong then filed a Florida Rule of Criminal Procedure 9.141 petition in the Second DCA. In this petition he alleged ineffective assistance of appellate counsel for not raising an argument on direct appeal that his due process rights were violated when the trial court failed to hold a hearing regarding photographic exhibits pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971). In Florida, a Richardson hearing is one that addresses discovery violations and noncompliance with discovery requests. See Andres v. State, 254 So.3d 283, 293 (Fla. 2018). As reflected in the state's record, Armstrong's Rule 9.141 petition bears three stamps relevant to when it was filed. First, it was stamped and initialed as provided to the

2

Century Correctional Institution on September 10, 2016.  Second, it was stamped as provided to Holmes Correctional Institution for mailing on January 5, 2018, and this stamp is also initialed.  Third, the Second DCA stamped it received on January 8, 2018.  Ultimately, the Second DCA denied the Rule 9.141 petition on August 27, 2018 and denied rehearing on September 26, 2018.

Armstrong filed the present pro se § 2254 petition on November 14, 2018, when he signed it and placed it in the prison mail.  He raised one claim of ineffective assistance of appellate counsel—the same claim raised in his Rule 9.141 petition.  The state responded that Armstrong's federal petition was untimely and should be dismissed.  Armstrong replied that he filed the Rule 9.141 petition on September 10, 2016 and after hearing nothing he sent an inquiry about the petition's status to the Second DCA on December 4, 2017.  On December 26, 2017, the court notified Armstrong that it had never received the petition, so he refiled it.

The district court dismissed Armstrong's petition as time-barred.  It determined that his convictions became final on June 30, 2015 but that his limitations period was tolled until February 10, 2017.  The court found that the limitations period then ran until Armstrong filed his Rule 9.141 petition.  And the court set the date of Armstrong's Rule 9.141 filing on January 8, 2018.  This meant

the limitations period had run for 331 days.  The court did not address the September 10, 2016 or the January 5, 2018 stamps on his Rule 9.141 petition.

After the January 8, 2018 filing, the limitations period remained tolled until the Second DCA denied rehearing on September 26, 2018.  The limitations period then began running again until Armstrong filed his federal petition on November 14, 2018.  Based on this timeline, the district court found that Armstrong's federal petition was filed 381 days after his convictions became final and was therefore not timely.  The court also found that Armstrong did not warrant equitable tolling because he did not exercise reasonable diligence or allege any extraordinary circumstances.

The district court went on to examine the merits of Armstrong's claim.  It found that his appellate counsel was not ineffective.  It determined that there was no discovery violation during Armstrong's trial and therefore no need for a Richardson hearing, which would be called for only to address alleged discovery violations.  Because there was no need for the trial court to have held a hearing, the district court concluded that appellate counsel was not ineffective for failing to raise the argument.  The court denied Armstrong a certificate of appealability ("COA").

Armstrong moved this Court for a COA.  This Court initially granted Armstrong a COA as to the question of "[w]hether Armstrong's 28 U.S.C. § 2254

4

petition was timely filed when considering the prison mailbox rule as applied to his Fla. R. Crim P. 9.141 petition." The COA was then expanded to include the question of "[w]hether the district court erred by denying Armstrong's claim that appellate counsel failed to raise an issue regarding the trial counsel's failure to conduct a hearing, pursuant to Richardson v. State, 246 So.2d 771 (Fla. 1971)."

## II.

### A. Timeliness

We review de novo the district court's dismissal of a § 2254 petition as untimely. Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006). We defer to the district court's factual findings unless they are clearly erroneous. Justice v. United States, 6 F.3d 1474, 1478 (11th Cir. 1993). Under this standard, "we must affirm a district court's findings of fact unless the record lacks substantial evidence to support them." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011) (quotation marks omitted).

Pursuant to the Antiterrorism and Effective Death Penalty Act, a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  The one-year limitations period for filing a § 2254 petition is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  An application is pending, for purposes of § 2244(d)(2), between the time when it is properly filed and the time when it has received a final resolution under the state court's postconviction procedures.  Cramer v. Sec'y, Dept. of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam).  Thus, time remains tolled until the state appellate court has issued its mandate or the state supreme court denies review.  Lawrence v. Florida, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083 (2007).

The district court held that Armstrong's petition was untimely because it was filed 380 days after his convictions became final.[1]  This was based on the court's

---

[1] The district court's order calculates the limitations period to have run for 381 days.  Our calculation is instead 380 days.

finding that Armstrong filed his Rule 9.141 petition on January 8, 2018. As of that date, the limitations period had already run for 331 days. Those 331 days combined with the 49 days between the Second DCA's denial of rehearing and Armstrong's filing of the present § 2254 petition come to 380 days, which is, of course, more than the one-year limitations period.

Armstrong says the district court incorrectly determined the date of his Rule 9.141 petition. He argues the court should have found that he filed the petition on September 10, 2016, which is the date he submitted it to the prison for mailing. Assuming, in turn, that Armstrong's Rule 9.141 petition was filed on September 10, 2016, the limitations period would not have run between February 10, 2017 and January 8, 2018, as the district court thought it did. See 28 U.S.C. § 2244(d)(2). Instead, the statute of limitations would have run from only September 26, 2018 to November 14, 2018—49 days—and his § 2254 petition would be timely.

Armstrong is correct as to the timeliness of his petition. Under the prison mailbox rule, a petition is considered filed on the date it is delivered to prison authorities for mailing, which is presumed to be the date that the petitioner signed and dated it. Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam). It is the state's burden to prove that the petition was delivered on a date other than when the prisoner signed it. Jeffries v. United States, 748 F.3d 1310,

7

1314 (11th Cir. 2014) (per curiam).  Applying the prison mailbox rule to Armstrong's Rule 9.141 petition, he filed the petition on September 10, 2016, rather than the January 8, 2018 date found by the district court.  And the State has offered no proof Armstrong delivered the petition on a different date.  Thus, the statute of limitations was tolled from the date Armstrong's conviction became final until September 26, 2018 when the Second DCA denied rehearing.  Because only 49 days ran untolled from that date until Armstrong filed the § 2254 petition here, Armstrong's petition is timely.

B. Merits

In addition to dismissing Armstrong's § 2254 petition as untimely, the district court also rejected his claim of ineffective assistance of appellate counsel on the merits.  Specifically, the court found that the Second DCA's denial of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, nor was it based on an unreasonable determination of the facts.  Armstrong says this was error.

We review de novo the district court's denial of a habeas petition on the merits.  Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1107 (11th Cir. 2012).  In doing so, we liberally construe the petition of a pro se litigant.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir 1998) (per curiam).  Habeas relief for a prisoner in custody under a state court judgment shall not be granted as to any

8

claim that was adjudicated on the merits in the state court proceedings unless the resulting decision was: (1) contrary to, or an unreasonable application of, clearly established federal law determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).  Absent any indication or state-law procedural principle to the contrary, we presume that a state court that denied relief on a federal claim has adjudicated the claim on the merits.  Harrington v. Richter, 562 U.S. 86, 99, 131 S. Ct. 770, 784–85 (2011).

Although the Second DCA denied Armstrong's petition without explanation, Armstrong does not argue that the court failed to consider the merits of his case. See Armstrong v. State, 254 So.3d 373 (Fla. 2d Dist. Ct. App. 2018) (Table).  We therefore proceed with the understanding that the Second DCA ruled on the merits. See Harrington, 562 U.S. at 99, 131 S. Ct. at 784–85.

Armstrong says the Second DCA's denial of his Rule 9.141 petition alleging ineffective assistance of appellate counsel contravened clearly established federal law—specifically, Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984) and Taylor v. Illinois, 484 U.S. 400, 108 S. Ct. 646 (1988).[2]  Under Strickland, counsel is ineffective if counsel's performance was deficient and that deficient

---

[2] Armstrong's briefing does not cite Strickland, but we understand his argument to rely on that precedent.  See Tannenbaum, 148 F.3d at 1263.

9

performance prejudiced the defense.  466 U.S. at 687, 104 S. Ct. at 2064.  Under Taylor, a trial court may: (1) require a party to explain its failure to comply with a request to identify witnesses in advance of trial; and (2) exclude witness testimony if the omission was willful and motivated by a desire to obtain a tactical advantage. 484 U.S. at 415, 108 S. Ct. at 656.

Armstrong's § 2254 petition says his appellate counsel was ineffective for failing to raise an argument on direct appeal that Armstrong's due process rights were violated when the trial court failed to hold a Richardson hearing regarding photographic exhibits.  In Florida, the trial court must conduct a Richardson hearing when it learns of possible discovery violations.  Jones v. State, 32 So.3d 706, 710–11 (Fla. 4th Dist. Ct. App. 2010).  Armstrong argues the trial court should have held a Richardson hearing regarding the State's failure to disclose a photograph of his vehicle that was used against him at trial during the State's examination of a witness.  He says his trial counsel adequately objected, thus preserving the issue for appeal, and his appellate counsel should have raised it.

However, the Richardson hearing issue Armstrong says his appellate counsel failed to raise lacks merit.  Specifically, Armstrong's trial counsel did not raise a discovery violation regarding the photograph of Armstrong's vehicle.  The record reflects that trial counsel objected to the State's proffer of the contested photograph only because it was being shown to the witness, not trial counsel, for the first time.

10

At no point during the state court proceeding did Armstrong's trial counsel allege that she was unaware of the existence of the photograph or the State's plan to use it in witness examination. In the absence of a discovery violation, a Richardson hearing is not required. See Jones, 32 So.3d at 710–11.

The district court therefore properly held that the Second DCA's denial of relief on this claim was neither contrary to, or an unreasonable application of, clearly established federal law, nor was it an unreasonable interpretation of the facts. See 28 U.S.C. § 2254(d). There was no Richardson issue for appellate counsel to raise, and appellate counsel cannot be ineffective for failing to raise a meritless issue on appeal. Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001). Neither does the record reflect that the State withheld any evidence or failed to identify any witnesses such that Taylor's mandate might have been violated. See Taylor, 484 U.S. at 415, 108 S. Ct. at 656. As set forth just above, a reasonable interpretation of the facts supports these conclusions.

For these reasons, we affirm.

**AFFIRMED.**

11