[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12826
Non-Argument Calendar

_____

D.C. Docket No. 3:03-cr-00011-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO W. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 19, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Antonio Smith, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as well as his motion for reconsideration. He argues his health conditions, including hypertension, warrant compassionate release. After careful consideration, we affirm.

## I.

In 2003, Smith pled guilty to bank robbery, aggravated bank robbery, and possession of a firearm during a crime of violence. The district court sentenced him to a term of 346 months' imprisonment, which was at the low end of Smith's guideline range. On May 14, 2020, Smith filed a pro se motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) because of the COVID-19 pandemic.[1] Smith explained that he suffers from hypertension, a thyroid tumor, nerve damage in his lower back, and pre-diabetes. He said these conditions put him at serious risk of death if he contracted COVID-19. He stated that he promised his family and children that he would make it back after prison but that the pandemic's reach in prison meant there was a strong possibility he would die behind bars. He also expressed concern for his elderly mother who recently had a

---

[1] Smith dated his certificate of service as May 14, 2020. Because there is no evidence to the contrary, that date is the presumptive filing date. See Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) ("We assume, absent evidence to the contrary, that a prisoner delivered a filing to prison authorities on the date that he signed it." (alterations adopted and quotation marks omitted)).

heart attack.  Finally, Smith noted that his prior convictions would no longer qualify as predicate offenses for the career offender status enhancement he received and thus his term of imprisonment would be shorter if he were sentenced today.

On June 2, 2020, the district court sua sponte denied Smith's motion.  First, the court concluded Smith's motion was premature because he did not show that he exhausted his administrative remedies as required by § 3583(c)(1)(A). Second, the court held Smith failed to satisfy his burden to show that he was entitled to compassionate release because he presented no evidence that his ailments qualified as a serious medical condition as described in § 3582(c)(1)(A) and its applicable policy statements in Guideline § 1B1.13.  Third, the court found that the policy statements provided a catch-all category that required the Director of the Bureau of Prisons ("BOP") to sanction Smith's early release, which had not happened.  The court noted that § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("First Step Act"), still required it to abide by the policy statements and thus it would not consider circumstances outside the specific examples of extraordinary and compelling reasons to afford relief listed in Guideline § 1B1.13 cmt.1.

Smith moved for reconsideration.  He said he properly exhausted his administrative remedies, and attached a message dated April 29, 2020 in which he asked the warden for release.  The attachment also showed that on the same day,

3

the warden denied Smith's request and stated that he could commence an appeal of the decision within 20 days. Smith's motion for reconsideration also argued that hypertension does qualify as a serious medical condition but that, in any event, courts can consider extraordinary and compelling reasons outside the three listed in the policy statement for Guideline § 1B1.13 and that other courts had released prisoners suffering from hypertension.

On July 8, 2020, the district court denied Smith's motion for reconsideration. The court stated that Smith's evidence that he properly exhausted was unavailing because the court had also denied Smith's motion for compassionate release on the merits. The court recognized the "split of authority" about whether the First Step Act now gives a district court discretion to grant compassionate release for "extraordinary and compelling" reasons under the policy statements in Guideline § 1B1.13 independent of BOP's judgment, but adhered to its conclusion that "the catch-all category of Application Note 1(D) requires the recommendation of the Director of the Bureau of Prisons."[2]

This is Smith's appeal.

---

[2] As set forth below, our precedent now holds that a district court cannot grant compassionate release for a reason it independently determines to be "extraordinary and compelling." See United States v. Bryant, ___ F.3d ___, No. 19-14267, 2021 WL 1827158, at *1–2 (11th Cir. May 7, 2021). But to the extent the district court here concluded that the BOP must recommend compassionate release in each individual case where a defendant asserts an "other" reason warranting release, our precedent does not require that.

## II.

We review de novo whether a district court had authority to modify a term of imprisonment.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review a district court's denial of a prisoner's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  This standard means we cannot reverse simply because we may have come to a different conclusion had it been our call.  Id. at 912.  We also review the denial of a motion for reconsideration for an abuse of discretion.  United States v. Llewlyn, 879 F.3d 1291, 1294 (11th Cir. 2018).  Because Smith is proceeding pro se, we construe his filings liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## III.

We conclude the district court did not err when it denied Smith's motion for compassionate release based on its conclusion that Smith had not established extraordinary and compelling reasons warranting release.  Because we affirm on this basis, we need not (and do not) address whether Smith properly exhausted.

### A.

We begin with Smith's argument that he suffers from a serious medical condition (hypertension) justifying compassionate release.  Having a serious medical condition is one of the extraordinary and compelling reasons for

5

compassionate release explicitly listed in Guideline § 1B1.13's application note, but only where that serious condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility[.]" USSG § 1B1.13 cmt. n.1(A). Here, Smith did not present evidence showing that his conditions rose to this level. Therefore, because it is Smith's burden to establish that he qualified for compassionate release, we cannot say the district court abused its discretion when it found he had not established that he suffered from a serious medical condition warranting compassionate release. See United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that in the § 3582(c)(2) context, defendant bears the burden of establishing that he qualifies for a sentence reduction).

## B.

We next address Smith's contention that the district court had the authority to determine for itself that Smith's hypertension qualified as an extraordinary and compelling reason justifying compassionate release separate from the enumerated reasons in Guideline § 1B1.13 n.1(A)–(C).[3] Our precedent forecloses this

---

[3] Construing Smith's pro se brief liberally, see Jones, 787 F.3d at 1107, we understand him to advance this argument on appeal. In arguing that the district court should have found that his hypertension qualifies as an extraordinary and compelling reason warranting compassionate release, Smith cites cases where courts have granted compassionate release in similar circumstances based on the understanding that district courts are not constrained by Guideline § 1B1.13 in determining what can constitute an extraordinary and compelling reason for release. See, e.g., United States v. Ullings, No. 1:10-cr-00406, 2020 WL 2394096, at *2, *6 (N.D. Ga. May 12, 2020) (granting compassionate release after "holding that section 1B1.13 . . . does not

argument.  See Bryant, 2021 WL 1827158, at *1–2.  Since the close of briefing in this case, a panel of this Court held that only the BOP—not district judges—can decide what constitutes "extraordinary and compelling reasons" other than those expressly listed in Guideline § 1B1.13.  Id. at *1.  Guideline § 1B1.13's application note lists the following extraordinary and compelling reasons: serious medical condition of the defendant, age, family circumstances, and "[o]ther reasons."  USSG § 1B1.13 cmt. 1.  Our binding caselaw now says that "other reasons" are limited to those determined by the BOP, not the courts.  See Bryant, 2021 WL 1827158, at *1–2.

Under this circuit's precedent, the district court did not err in holding that Smith's hypertension did not warrant compassionate release under Guideline § 1B1.13's provision of "[o]ther reasons" for establishing "extraordinary and compelling reasons."

**AFFIRMED.**

---

constrain the issues a court may consider in assessing whether a defendant's application for compassionate release provides 'extraordinary and compelling reasons' for a sentence reduction under § 3582(c)(1).").