[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14463
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00171-RWS-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MESSIAH GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 12, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Messiah Green, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his motion for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A). The Government, in turn, moves to dismiss Green's appeal as untimely, arguing he filed his notice of appeal 37 days after the district court entered the order he is appealing. Alternatively, the Government moves for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing the district court's denial of Green's motion was a proper exercise of its discretion in light of his prior violent crime, his medical records, and the 18 U.S.C. § 3553(a) sentencing factors.

We first address the Government's motion to dismiss, followed by its motion for summary affirmance.

(I)

A post-judgment motion for a reduced sentence under § 3582(c) is criminal in nature. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). A *pro se* prisoner's notice of appeal is deemed filed on the date when he delivers it to prison authorities for mailing. Fed. R. App. P. 4(c)(1); *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015). Absent evidence to the contrary, we will assume that a prisoner delivered a filing to prison authorities on the day when he signed it. *Daniels*, 809 F.3d at 589.

2

The deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Instead, the filing deadline is considered a claims-processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. *See id.* at 1312-13. Nevertheless, if the government raises the issue of timeliness, which it may do as late as its merits brief, then we "must apply the time limits of Rule 4(b)." *Id.* at 1313-14. Even so, Rule 4(b)(4) authorizes the district court to grant a 30-day extension of the 14-day appeal period in a criminal case based on a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). In criminal cases, we have customarily treated a late notice of appeal filed within the 30 days during which an extension is permissible as a motion for an extension of time and remanded to the district court for a ruling on the motion. *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983).

While Green filed his notice of appeal outside the typical 14-day appeal period, the notice is still timely because Mr. Green filed it within 30 days of the expiration of the 14-day deadline and the district court extended the appeal period based on a finding of excusable neglect. *See* Fed. R. App. P. 4(b)(4), (c)(1); *Daniels*, 809 F.3d at 589; *Ward*, 696 F.2d at 1317-18. Accordingly, the Government's motion to dismiss this appeal as untimely is DENIED.

(II)

3

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). In the context of compassionate release, § 3582(c)(1)(A)(i) provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

The policy statements applicable to § 3582(c)(1)(A) are found in § 1B1.13. U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided the court determines the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and the reduction is consistent with the policy statement. *See id.* § 1B1.13 & cmt. n.1.

Section 3142(g), in turn, lists several factors for the district court to consider in determining whether a defendant is a danger to another person or the community, including: (1) the nature and circumstances of the offense charged, including whether the offense involved a firearm; (2) the weight of evidence against the person; (3) the history and characteristics of the person, including their criminal history and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Commentary to § 1B1.13 lists a defendant's medical condition, age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). For example, a defendant's medical condition may warrant a sentence reduction if he

5

(1) has a terminal disease, or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.* § 1B1.13 cmt. n.1(A). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if *"*[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.* § 1B1.13 cmt. n.1(D). The policy statements in § 1B1.13 are applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court can only reduce a sentence if a reduction is consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Furthermore, "other reasons" are limited to those determined by the Bureau of Prisons, not by courts. *Id.* at 1263.

A district court, in addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement found in § 1B1.13, must also consider "all applicable" § 3553(a) factors. *United States v. Cook*, 998 F.3d 1180, 1183-84 (11th Cir. 2021). Therefore, an order granting or denying compassionate release, in light of the record, must indicate that the court considered the applicable § 3553(a) factors. *Id.* at 1184. Accordingly, a district court abuses its discretion

when it decides a motion under § 3582(c)(1)(A)(i) without considering the applicable factors. *Id.*

Under § 3553(a)(2), the district court must impose a sentence "sufficient, but not greater than necessary" to achieve its purposes. 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to any victims. *Id.* § 3553(a)(1)–(7). A defendant's criminal history fits "squarely" into the § 3553(a) category that requires the district court to consider the history and characteristics of the defendant. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

The district court did not abuse its discretion in denying Green's motion for compassionate release.[2] First, the court's order expressly stated it had considered

---

[2] A district court's determination about a defendant's eligibility for a § 3582(c) sentence reduction is reviewed *de novo*. *Bryant*, 996 F.3d at 1251. However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

the relevant § 3553(a) factors, and it was not required to analyze each factor individually. *See Cook*, 998 F.3d at 1184. In any event, the court addressed Green's criminal history, which "fits squarely" into his history and characteristics, by discussing his convictions. *See Williams*, 526 F.3d at 1324. Further, the district court noted that his crime was a crime of violence, which concerned the nature and circumstances of his offense and the need to protect the public.

Additionally, although the court did not cite to any specific § 3142(g) factors, its order demonstrated it considered the relevant factors. As previously mentioned, the court noted Green's crime was a crime of violence, which concerned the nature and circumstances of his offense, as well as the nature and seriousness of the danger that his release would have posed to any other person or the community. *See id.* § 3142(g)(1), (4). It also discussed how the jury unanimously found that Green both used and carried a firearm during the bank robbery, which concerned the weight of the evidence against him. *See id.* § 3142(g)(2).

Second, even though the district court stated it was unnecessary to determine whether Green had established extraordinary and compelling reasons warranting compassionate release, it nevertheless found his medical conditions were not serious enough to warrant compassionate release. In doing so, the court followed the policy statement in § 1B1.13 to determine whether the reasons he provided

were consistent with § 1B1.13's definition of "extraordinary and compelling reasons." *See Bryant*, 996 F.3d at 1262.  For example, the court noted none of Green's conditions were recognized as making him particularly vulnerable to COVID-19 and his last respiratory infection occurred over three years ago. Accordingly, the district court correctly determined Green had not established extraordinary and compelling reasons warranting compassionate release because he was not (1) diagnosed with a terminal disease, or (2) suffering from a physical or mental condition that diminished his ability to provide self-care in prison and from which he was not expected to recover.  *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *Bryant*, 996 F.3d at 1262.

Additionally, although the district court did not address Green's arguments regarding his rehabilitation and reentry plans, his rehabilitation alone was not an extraordinary and compelling reason warranting a sentence reduction.  *See* U.S.S.G. § 1B1.13 cmt. n.3.  Further, Green's argument the district court was not bound by the commentary to § 1B1.13 is foreclosed by *Bryant*.  *See Bryant*, 996 F.3d at 1263.

Thus, because the Government's position is correct as a matter of law, we GRANT the Government's motion for summary affirmance.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.