[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11363

Non-Argument Calendar

_____

BENJAMIN MARCUS JOHNSON,

 Petitioner-Appellant,

*versus*

COASTAL SP WARDEN,

 Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05520-JPB

_____

2                    Opinion of the Court                    24-11363

Before ROSENBAUM, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The 30-day statutory time limit required Benjamin Johnson, a Georgia inmate proceeding *pro se*, to file a notice of appeal from the district court's February 14, 2024 judgment on or before March 15, 2024. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). However, Johnson did not file a notice of appeal until March 17, 2024. *See* Fed. R. App. P. 4(c); *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (stating that absent contrary evidence, we will assume that a prisoner's filing was delivered to prison authorities on the date that he signed it). Furthermore, Johnson's motion for reconsideration was ineffective to toll the appeal period because it was not filed within 28 days of the entry of the judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, the notice of appeal filed on March 17, 2024 is untimely and cannot invoke our appellate jurisdiction. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.