**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12642

Non-Argument Calendar

_____

SHAUN PATRICK STEWART,

*Plaintiff-Appellant,*

*versus*

CAPTAIN RIED,

    Individual and Official capacity,

FNU LOCHERIE,

    Captain - Individual and Official Capacity,

FNU STRICKLAND,

    Lieutenant - Individual and Official Capacity,

FNU REALE,

    Deputy - Individual and Official Capacity,

MARY P. HATCHER,

    Judge - Individual and Official Capacity,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00607-SPC-PRL

————————————

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Shaun Patrick Stewart, a prisoner proceeding pro se, appeals from the district court's final order dismissing his complaint. An earlier order dismissed his complaint without prejudice for failure to state a claim and gave him 21 days to file an amended complaint. Stewart's deadline was extended to March 8, 2024 after he timely requested additional time to file an amended complaint. However, Stewart did not file an amended complaint, and on April 11, 2024, the district court directed the clerk to enter a judgment dismissing the case, which the clerk did the next day. On April 15, 2025, Stewart filed his notice of appeal from the April 11, 2024 order and April 12, 2024 judgment.

We lack jurisdiction because Stewart's notice of appeal was untimely. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300-02 (11th Cir. 2010) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case). Because the district court's order dismissing Stewart's complaint without prejudice became final on March 8, 2024—the deadline for Stewart to file an amended complaint—Stewart was required to appeal on or before April 8, 2024. *See Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) (providing that when a district court dismisses a

complaint with leave to amend within a specific timeframe, the dismissal order becomes final on the date the deadline to amend expires); *Hertz Corp. v. Alamo-Rent-A-Car, Inc.*, 16 F.3d 1126, 1132 (11th Cir. 1994) (explaining that when a district court grants an extension of time to file an amended complaint requested before the original deadline set forth in an order of dismissal has passed, the order of dismissal becomes final on the date of the new deadline); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered if there is not a federal party); Fed. R. App. P. 26(a)(1)(C) (providing that when the final day of an appeal period falls on a holiday or weekend, the final day to appeal becomes the next day that is not a holiday or weekend). The entries of the April 11, 2024 order and April 12, 2024 judgment after the March 8, 2024 deadline did not affect the appeal period. *See Burt v. President of Univ. of Fla.*, --- F.4th ---, No. 23-12616, slip op. at 7-8 (11th Cir. Aug. 20, 2025) (rejecting argument that the appeal period began upon entry of final judgment because "*Schuurman* offers no exceptions to its deadline-for-amendment rule"). Thus, Stewart's notice of appeal—which was deemed filed on April 15, 2025 under the prison mailbox rule—was untimely to appeal from the dismissal order and any rulings that merged into it. *See* Fed. R. App. P. 4(c)(1); *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (providing that, absent contrary evidence, we assume a prisoner's filing was delivered to prison authorities on the day that he signed it); *see* Fed. R. App. P. 3(c)(4) (providing that the notice of appeal encompasses all

4                    Opinion of the Court                    25-12642

orders that merge into the designated judgment or appealable order).

Accordingly, this appeal is DISMISSED. All pending motions are DENIED as moot.