[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13603

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:06-cr-00020-HL-CHW-2

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Eric Smith is a counseled, former federal prisoner who is now on supervised release. Smith appeals the district court's denial of his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"). He argues that the district court abused its discretion by declining to reduce his term of imprisonment even though he was eligible for a reduction under the Act. Because Smith is no longer imprisoned, any appeal regarding his term of imprisonment is moot. And because Smith did not ask for a reduction in his term of supervised release, he abandoned any remaining challenge to his sentence. Consequently, this appeal is moot, and we dismiss for lack of jurisdiction.

Smith was sentenced to 188 months imprisonment and five years of supervised release for distribution of over five grams of crack cocaine in December 2007. In April 2019, Smith filed a *pro se* motion for a sentence reduction under the First Step Act. Smith's appointed counsel then filed a supplemental motion and brief on his behalf. Smith asked the court to impose a new sentence of 139 months, followed by three years of supervised release. Despite finding that Smith was eligible for a reduction, the district court exercised its discretion and denied Smith's motion. Smith timely appealed.

20-13603                 Opinion of the Court                 3

First, Smith's appeal of the district court's denial of his request for a sentence reduction is moot. We review jurisdictional issues *de novo* and must raise them *sua sponte*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). A case is moot when it no longer presents a live controversy for which the court can give meaningful relief. *Id.*; *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009). We must dismiss moot appeals for lack of jurisdiction. *Mobley v. Palm Beach Cnty. Sheriff Dep't*, 783 F.3d 1347, 1352 (11th Cir. 2015). A challenge to an imposed term of imprisonment is moot once that term has expired. *United States v. Stevens*, 997 F.3d 1307, 1310 n.1 (11th Cir. 2021). Smith was released from prison on November 19, 2020. Accordingly, any appeal challenging his term of imprisonment is now moot.

Second, Smith has abandoned any challenge to his remaining sentence. Arguments not raised on appeal are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (*per curiam*). An appellant also abandons a claim when: (1) he makes only passing reference to it, (2) he raises it in a perfunctory manner without supporting arguments and authority, (3) he refers to it only in the "statement of the case" or "summary of the argument," or (4) the references to the issue are mere background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).

Smith argues that the district court abused its discretion by declining to reduce his term of imprisonment, but he does not address his term of supervised release or argue that it should be

reduced in any way. Instead, Smith's briefs specifically argue that the district court erred when it declined to reduce his term of imprisonment because the Guidelines range changed from 188 to 235 months imprisonment to 151 to 188 months imprisonment. He does not make any similar arguments that the district court should have reduced his term of supervised release. Thus, Smith has abandoned any challenge to his term of supervised release to the extent he preserved one in the district court. *Timson*, 518 F.3d at 874.

Smith has abandoned any challenge to his term of supervised release. And because Smith has already been released from prison, no court can reduce his term of imprisonment, rendering the appeal moot. Accordingly, we dismiss his appeal.

**DISMISSED.**