[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13745

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BASIL MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:11-cr-00048-HL-CHW-1

_____

Before LUCK, LAGOA, and MARCUS, Circuit Judges.

PER CURIAM:

Basil Moore, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), pursuant to the First Step Act,[1] following his 2012 federal conviction and sentence. In response to Moore's initial brief on appeal, the government: (1) moved to partially dismiss as untimely Moore's appeal of the March 24, 2021 district court order denying him compassionate release; and (2) moved for summary affirmance of the October 5, 2021 order denying Moore's motion for reconsideration of the March 24, 2021 order. After careful review, we GRANT the government's motion to partially dismiss the appeal as untimely, as to Moore's appeal of the district court's March 24, 2021 order denying his motion for compassionate release, and we GRANT the government's motion to summarily affirm the October 5, 2021 order.

I.

We typically review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). But we review *de novo* jurisdictional issues and the interpretation of federal rules of procedure. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009). We review

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

for abuse of discretion the denial of a motion for reconsideration. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).

When an issue is not plainly and prominently raised in a party's initial brief, that issue is abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that "issues not briefed on appeal by a *pro se* litigant are deemed abandoned").

## II.

For starters, Moore's appeal of the district court's March 24, 2021 order denying his compassionate release motion is untimely and must be dismissed. As we've said many times, proceedings under § 3582(c) are criminal in nature and covered by the rules applicable to criminal cases. *See, e.g., United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (providing that § 3582 is criminal in nature and a motion under § 3582(c)(2) is "not a civil post-conviction action, but rather a continuation of a criminal case"). In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). A *pro se* prisoner's notice of appeal is deemed filed on the date that he delivers it to prison authorities for mailing. Fed. R. App. P. 4(c)(1)(A)(ii); *see Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Absent contrary evidence, we assume that a prisoner's filing was delivered to prison

authorities on the day that he signed it. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015).

Although a motion for reconsideration in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the filing of this kind of motion tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion. *United States v. Dieter*, 429 U.S. 6, 8–9 (1976); *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir. 1992). A motion for reconsideration in a criminal case must be filed within the time allowed for filing a notice of appeal in order to extend the time for filing the notice of appeal. *Vicaria*, 963 F.2d at 1414. Thus, a criminal defendant must file a motion for reconsideration within 14 days from the original judgment to extend the time for filing the notice of appeal. *See* Fed. R. App. P. 4(b); *Vicaria*, 963 F.2d at 1414.

The deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. *Lopez*, 562 F.3d at 1313. Instead, the filing deadline is considered a claims-processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. *Id.* at 1312–13. Nevertheless, if the government raises the issue of timeliness, then we "must apply the time limits of Rule 4(b)." *Id.* at 1313–14.

Additionally, Rule 4(b)(4) authorizes the district court to grant a 30-day extension of the 14-day deadline in a criminal case based on a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). In criminal cases, we've customarily treated a late notice of appeal, filed within the 30 days during which an extension is

permissible, as a motion for extension of time and remanded to the district court for a finding of excusable neglect.  *See, e.g., United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir. 1983); *United States v. Rothseiden*, 680 F.2d 96, 98 (11th Cir. 1982).  However, if a criminal defendant's notice of appeal is filed more than 30 days after the expiration of the initial 14-day appeal period, then the defendant is not eligible for relief under Rule 4(b)(4).  *See Lopez*, 562 F.3d at 1314 (noting that Rule 4(b)(4) allowed the district court to extend the time for filing a notice of appeal by no more than 30 days after the initial deadline).

As the record reflects, the district court denied Moore's motion for compassionate release on March 24, 2021.  Moore filed a motion for reconsideration of that order on April 27, 2021.  And on October 5, 2021, the district court denied Moore's motion for reconsideration.  Moore appealed to this Court on October 17, 2021.

On this record, the time for Moore to appeal from the March 24 order expired 14 days after the issuance of that order -- on Wednesday, April 7, 2021.  *See* Fed. R. App. P. 4(b)(1); *Fair*, 326 F.3d at 1318; *see also Vicaria*, 963 F.2d at 1413–14.  Because Moore's notice of appeal was not deemed filed until October 17, 2021, his April 27, 2001 motion for reconsideration did not serve as a tolling motion because it was not filed within 14 days of the March 24 order.  *See Daniels*, 809 F.3d at 589; *Vicaria*, 963 F.2d at 1414.  Therefore, Moore's appeal of the March 24, 2021 order was not timely.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  And the government has raised timeliness in this case, so we must enforce the time limit under

Rule 4(b) as to the March 24, 2021 order and grant the government's motion to dismiss in that respect. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Lopez*, 562 F.3d at 1313–14; *Fair*, 326 F.3d at 1318.

Nevertheless, Moore's October 17, 2021 notice of appeal was timely to appeal from the October 5, 2021 order denying his motion for reconsideration. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Daniels*, 809 F.3d at 589. Moore needed to appeal the October 5, 2021 order within 14 days of its entry -- by Friday, October 19, 2021. *See* Fed. R. App. P. 4(c)(1)(A)(ii); *Jeffries*, 748 F.3d at 1314; *Fair*, 326 F.3d at 1318. Because he did just that, we will consider the merits of his appeal stemming from that order. *See Daniels*, 809 F.3d at 589.

## III.

Finally, we agree with the government that summary affirmance of the October 5, 2021 order is warranted in this appeal. Summary disposition is appropriate where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

Here, summary affirmance as to the district court's October 5, 2021 order denying Moore's reconsideration motion is appropriate because his appeal is frivolous. *Id.* In his brief on appeal, Moore fails to challenge the district court's October 5, 2021 order, and he therefore has abandoned any challenge to it. *Jernigan*, 341 F.3d at 1283 n.8; *Campbell*, 26 F.4th at 873; *Sampson*, 518 F.3d at 874. As a result, there are no issues to resolve on appeal, and Moore's appeal is frivolous. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

Accordingly, we GRANT the government's motion to partially dismiss the appeal as untimely as to Moore's appeal of the March 24, 2021 order denying his compassionate release motion. Likewise, we GRANT the government's motion for summary affirmance as to the October 5, 2021 order on reconsideration.